1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   JACQUELINE SANCHEZ,                    No.  1:25-cv-00083-KES-SAB

12                 Plaintiff,

13       v.                                 ORDER DENYING MOTION TO REMAND

14   NISSAN NORTH AMERICA, INC.,

15                 Defendant.

16                                          (Doc. 5)

17          Plaintiff Jacqueline Sanchez asserts claims against defendant Nissan North America, Inc.

18   ("Nissan") under California law, including under the Song-Beverly Consumer Warranty Act

19   ("Song-Beverly Act"), Cal. Civ. Code § 1790 *et seq.*  Sanchez moves to remand this action to

20   Fresno County Superior Court.  Doc. 5.  Nissan opposes the motion to remand.  Doc. 7.  The

21   Court took the motion under submission.  Doc. 9.  For the reasons set forth below, Sanchez's

22   motion to remand is denied.

23   **I.     BACKGROUND**

24          On or about March 26, 2023, Sanchez purchased a new 2023 Nissan Rogue pursuant to a

25   Retail Installment Sale Contract ("RISC") in the amount of $41,339.50.  Doc. 1-2 ("FAC") ¶¶ 5-

26   6.  Sanchez alleges she received written warranties and other express and implied warranties from

27   Nissan.  *Id.* ¶ 8.  During the warranty period, the vehicle exhibited various defects and

28   malfunctions, including issues related to the automatic continuously variable transmission.  *Id.*

                                            1

¶¶ 16, 35-36.  Sanchez presented the vehicle to Nissan for repairs beginning on August 26, 2023, and Nissan made numerous attempts to repair the vehicle.  *Id.* ¶¶ 35-37.  As of the writing of the complaint, the vehicle had been in Nissan's custody for over seventy-seven days and remained unrepaired.  *Id.* ¶ 36.

Sanchez brought this action in Fresno County Superior Court alleging claims for: (1) breach of implied warranty of merchantability under the Song-Beverly Act, (2) breach of express warranty under the Song-Beverly Act, (3) fraudulent concealment, and (4) violation of the Consumer Legal Remedies Act, Civil Code Section 1750, et seq.  *Id.* at 31-40.  Sanchez seeks replacement or restitution, incidental and consequential damages, civil penalties not to exceed two times the amount of damages, punitive damages, and attorneys' fees and costs, among other relief.  *Id.* at 41.

On January 17, 2025, Nissan removed this action to this Court based on diversity jurisdiction.  Doc. 1 ("Notice of Removal").  In its notice of removal, Nissan asserts that there is diversity of citizenship because it is a citizen of Tennessee and Delaware and Sanchez is a citizen of California.  *Id.* ¶¶ 31-33.  Nissan further asserts that the amount in controversy was not apparent on the face of the complaint, and that this action first became removable after Nissan obtained a copy of the RISC that indicated the total sales price was $41,339.50.  *Id.* ¶¶ 5-6.  Nissan thereafter removed this action.  *Id.* ¶ 6.  Sanchez moves to remand this action to Fresno County Superior Court, arguing that Nissan failed to meet its evidentiary burden of establishing removal was proper and that comity principles weigh in favor of remanding this action.  Doc. 5.  Nissan filed an opposition to the motion to remand, arguing that the amount in controversy was met.  Doc. 7.

## II.     LEGAL STANDARD

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'"  *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).  An action may be removed to federal court if the federal court could exercise original jurisdiction over the action.  28 U.S.C. § 1441(a).  Removal is

2

1  proper when an action presents a federal question or where there is diversity of citizenship among

2  the parties and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. §§ 1331, 1332(a).

3      "If at any time prior to judgment it appears that the district court lacks subject matter

4  jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); *Demartini v. Demartini*, 964 F.3d

5  813, 818 (9th Cir. 2020).  Section 1447(c) "is strictly construed against removal jurisdiction, and

6  the burden of establishing federal jurisdiction falls to the party invoking the statute."  *Acad. of*

7  *Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1061 (9th Cir. 2021) (quoting *Cal. ex rel.*

8  *Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004)).  If there is doubt as to the right of

9  removal, a federal court must reject jurisdiction and remand the case to state court.  *Matheson v.*

10  *Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).  If the defendant fails to

11  meet its burden of establishing subject matter jurisdiction, the action must be remanded.  28

12  U.S.C. § 1447(c); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087

13  (9th Cir. 2009) ("The defendant bears the burden of establishing that removal is proper.").

14  **III.    DISCUSSION**

15      Although Sanchez argues that Nissan has not met its evidentiary burden for removal,

16  Sanchez does not dispute that there is diversity of citizenship, nor does she argue that there is a

17  procedural defect.[1]  *See* Docs. 5, 8.  Sanchez's arguments center on the amount in controversy

18  and comity.

19          **A.    Amount in Controversy**

20      Sanchez argues that Nissan failed to meet its evidentiary burden with regard to the amount

21  in controversy because the notice of removal relies on the Song-Beverly Act's civil penalties and

22  attorneys fee recovery provisions to meet the amount in controversy requirement.  Doc. 5-1 at 4-

23  6.  A notice of removal must include "a plausible allegation that the amount in controversy

24  exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81,

25  89 (2014).  However, once the plaintiff challenges the allegations for removal jurisdiction, the

---

[1] "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."  28 U.S.C. §1447(c).  Plaintiff filed her motion to remand more than thirty days after the action was removed and therefore waived any procedural defects.

1    defendant bears the burden of establishing, by a preponderance of the evidence, that the amount

2    in controversy exceeds $75,000.  *Id.* at 88.   Because Sanchez seeks rescission of the contract and

3    restitution of all consideration expended in the purchase of the vehicle, as well as civil penalties

4    up to two times the amount of actual damages, attorneys' fees, and other relief, Nissan asserts that

5    the amount in controversy is met.  Doc. 7 at 5.

6        Restitution under the Song-Beverly Act includes "an amount equal to the actual price paid

7    or payable by the buyer," less the "amount directly attributable to use by the buyer prior to the

8    time the buyer first delivered the vehicle . . . for correction of the problem that gave rise to the

9    nonconformity."  Cal. Civ. Code § 1793.2(d)(2)(B)–(C).   "Where the record does not show

10   whether a plaintiff has made all installment payments for the amount financed, courts have found

11   the total 'cash price' listed on a Retail Installment Sale Contract is a reasonable estimate of the

12   'actual price paid or payable' for the vehicle.  *Salazar v. Ford Motor Co.*, No. 2:21-cv-06756-

13   FLA, 2022 WL 16855563, at *2 (C.D. Cal. Nov. 10, 2022); *see also Luna v. FCA US LLC*, No.

14   21-CV-01230-LHK, 2021 WL 4893567, at *7 (N.D. Cal. Oct. 20, 2021) ("The Court follows

15   other district courts in concluding that it is more appropriate to use the total cash price listed in

16   the Retail Sales Installment Contract[.]").  The RISC lists the cash price as $35,403.76.  Doc. 1-5

17   at 3.  The Court finds that this amount is a reasonable estimate of the "actual price paid or

18   payable" in this case.

19       The amended complaint seeks civil penalties up to two times the amount of damages,

20   which is allowable under the Song-Beverly Act.  FAC at 41.  This would amount to $106,211.28

21   in damages and civil penalties, which exceeds the jurisdictional threshold.  Sanchez argues that

22   civil damages are speculative because, although she may recover the full purchase price of the

23   vehicle, that amount would have to be reduced to account for her use of the vehicle prior to the

24   first repair of the vehicle.  Doc. 5-1 at 5.

25       As noted above, the Song-Beverly Act provides that the restitution amount "may be

26   reduced by the manufacturer by that amount directly attributable to use by the buyer prior to the

27   time the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized

28   service and repair facility for correction of the problem that gave rise to the nonconformity."  Cal.

1  Civ. Code § 1793.2(d)(2)(C). That amount, commonly referred to as the mileage offset, is

2  calculated by "subtracting mileage at purchase from the mileage at first repair for an alleged

3  defect, dividing that amount by 120,000, and multiplying that sum by the purchase price."

4  *Guzetta v. Ford Motor Co.*, No. 21-cv-9151, 2022 WL 1044173, at *4 (C.D. Cal. Apr. 5, 2022);

5  *see also* Cal. Civ. Code § 1793.2(d)(2)(C).

6          Neither Sanchez nor Nissan have provided evidence of what mileage offset, if any, would

7  be appropriate. District courts have taken different approaches when deciding whether to

8  consider a mileage offset when calculating the amount in controversy. *See Selinger v. Ford*

9  *Motor Co.*, No. 2:22-CV-08883-SPG-KS, 2023 WL 2813510, at *7 (C.D. Cal. Apr. 5, 2023)

10 (surveying cases); *cf. Canesco v. Ford Motor Co.*, 570 F. Supp. 3d 872, 898-901 (S.D. Cal. 2021)

11 (surveying cases, and holding that consideration of mileage offset is appropriate when calculating

12 the amount in controversy) *with Wickstrum v. FCA USA LLC*, No. 3:20-CV-00336-L-JLB, 2021

13 WL 532257, at *2 (S.D. Cal. Feb. 12, 2021) (amount in controversy does not include a potential

14 offset because the offset is not automatic). Here, the Court need not decide whether the inclusion

15 of a mileage offset is appropriate because, even if the Court were to consider a mileage offset, the

16 amount in controversy would still be met.

17         Sanchez alleges she first presented her vehicle to Nissan for repairs as early as five

18 months from the date of purchase. FAC ¶ 35. It would be reasonable to assume that any mileage

19 offset would not significantly reduce the amount of restitution, and therefore civil penalties, such

20 that the amount in controversy would fall below $75,000.00. *See Salazar*, 2022 WL 16855563

21 (denying remand where the total cash price was $29,048, and neither party presented evidence of

22 mileage offset); *Rahman v. FCA US LLC*, No. 2:21-CV-02584-SB (JCX), 2021 WL 2285102, at

23 *3 (C.D. Cal. June 4, 2021) ("Even if Plaintiff was entitled to an offset, it would require an

24 unlikely inference that the amount in controversy would not be met, particularly in light of the

25 attorneys' fees that Plaintiff would be awarded should he prevail on his Song-Beverly claims"

26 where the amount to finance the vehicle was $25,636.95). Sanchez would have needed to drive

27 more than 35,000 miles in five months for the actual damages amount to fall below $25,001. *See*

28 *Cortez Martinez v. Ford Motor Co.*, No. 1:18-cv-01607-LJO-JLT, 2019 WL 1988398, at *5 (E.D.

Cal. May 6, 2019) (4,500 miles is a reasonable assumption for three months of driving for the purposes of calculating a mileage offset).

As such, the threshold amount in controversy can be established by the actual damages and civil penalties which Sanchez seeks in her amended complaint.  Any other relief Sanchez can receive under the Song-Beverly Act further bolsters the Court's conclusion that the amount in controversy is met.  *See Salazar*, 2022 WL 16855563, at *4 (prospective attorneys' fees are properly included in the assessment of the amount in controversy "[w]hen a statute or contract provides for the recovery of attorneys' fees") (quoting *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019)).  Therefore, Nissan has established by a preponderance of the evidence that the amount in controversy is met, and the Court has diversity jurisdiction over this action.

### B. Comity

Sanchez also argues that principles of comity or abstention weigh in favor of remand. "The comity doctrine counsels lower federal courts to resist engagement in certain cases falling within their jurisdiction."  *Levin v. Com. Energy, Inc.*, 560 U.S. 413, 421 (2010).  Sanchez cites to *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005) to support her comity argument.  Like other district courts, this Court "finds *Grable & Sons* inapplicable, as the Court frequently hears cases concerning solely state law claims when sitting in diversity."  *Ha Nguyen v. BMW of N. Am., LLC*, No. 3:20-cv-02432-JLS-BLM, 2021 WL 2411417, at *5 (S.D. Cal. June 14, 2021).  This action involves alleged violations of the Song-Beverly Act, which is a "relatively well-defined and limited claim" under California law and therefore does not involve the type of "complex" or "novel" issues that typically merits remand.  *Lee v. FCA US, LLC*, No. CV 16-5190 PSG (MRWx), 2016 WL 11516754, at *4 (C.D. Cal. Nov. 7, 2016)

Moreover, there is a "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them."  *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).  Where the court has diversity jurisdiction over Song-Beverly Act cases, numerous district courts have rejected the same argument Sanchez makes: "that a court has

authority to decline to exercise diversity jurisdiction." *Carrington Stonemasons, Inc. v. Ford Motor Co.*, No. 24-CV-00080-BLF, 2024 WL 1745038, at *5 (N.D. Cal. Apr. 22, 2024) (internal citation and quotation marks omitted); *see also Lee*, 2016 WL 11516754, at *4 (collecting cases). This Court has diversity jurisdiction over this action and is unpersuaded that principles of comity weigh in favor of remand of this action.

**IV.    CONCLUSION**

For the reasons set forth above, the Court finds that Nissan has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000, and the parties are of diverse citizenship. Sanchez's motion to remand (Doc. 5) is denied.

IT IS SO ORDERED.

Dated:   July 25, 2025

_____
UNITED STATES DISTRICT JUDGE